IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID H. TULLIS, et al.,

                           Plaintiff,                Case No. 3:06 CV 7029

      -vs-

                                              MEMORANDUM   OPINION

UMB BANK, N.A.,                              AND JUDGMENT

                           Defendant.

KATZ, J.

This cause is before the Court on Plaintiffs' motion (Doc. 111) pursuant to Fed. R. Civ. Pro. 59(e) for reconsideration and clarification of this Court's August 11, 2009, opinion and order granting summary judgment to Defendant U.M.B. Bank, N.A. (Docs. 109 and 110). The Plaintiffs' motion will be denied.

A district court may grant a Rule 59(e) motion to alter or amend judgment only under limited circumstances: if it is presented with "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005). Such a motion is proper only if it calls to the Court's attention "an argument or controlling authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2nd 573, 634 (N.D. Ohio 2003).

Plaintiffs have failed to meet this standard. Instead, they present essentially the same arguments that this Court considered and rejected in its opinion granting Defendant's motion for summary judgment, and point to no new legal authority that they could not have presented in their briefs opposing summary judgment. Plaintiff's motion for reconsideration is denied.

In its response to Plaintiffs' instant motion, Defendant has requested a supplemental hearing as to the amount of damages to which it is entitled pursuant to its counterclaim for indemnification and attorneys' fees, on which this Court granted summary judgment for Defendant in its August 11, 2009 opinion. Pursuant to this request, Defendant is granted 10 days to file a supplemental motion for attorneys' fees and costs incurred in defending this matter, with supporting affidavits; Plaintiffs will have 10 days to respond.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE